**UNITED STATES of America, Plaintiff–Appellee,**

v.

**Abelardo TREJO–SEGURA, also known as Antonio Trejo–Segura, Defendant–Appellant.**

**No. 03–40359 Conference Calendar.**

United States Court of Appeals, Fifth Circuit.

Dec. 10, 2003.

Paula Camille Offenhauser, James Lee Turner, Assistant US Attorney, US Attorney's Office, Houston, TX, for Plaintiff–Appellee.

Roland E Dahlin, II, Federal Public Defender, Margaret Christina Ling, Assistant Federal Public Defender, Federal Public Defender's Office, Houston, TX, Kyle Blair Welch, Federal Public Defender's Office, McAllen, TX, for Defendant–Appellant.

Before DAVIS, EMILIO M. GARZA, and DENNIS, Circuit Judges.

published and is not precedent except under the limited circumstances set forth in 5TH CIR.

PER CURIAM:*

Abelardo Trejo–Segura (Trejo–Segura) appeals his conviction and sentence for being an alien unlawfully found in the United States after deportation after having been convicted of an aggravated felony in violation of 8 U.S.C. § 1326(a) & (b).

For the first time on appeal, Trejo–Segura argues that 8 U.S.C. § 1326(b) is unconstitutional on its face and as applied in his case because it does not require the fact of a prior felony or aggravated felony conviction to be charged in the indictment and proved beyond a reasonable doubt. He argues further that because his indictment did not allege the fact of his prior aggravated felony conviction as a separate element of the offense, the indictment charged him only with an offense under 8 U.S.C. § 1326(a) rather than 8 U.S.C. § 1326(b), and his maximum punishment is limited to two years.

Trejo–Segura acknowledges that his arguments are foreclosed by *Almendarez–Torres v. United States*, 523 U.S. 224, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998), but wishes to preserve the issues for Supreme Court review in light of *Apprendi v. New Jersey*, 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000). *Apprendi* did not overrule *Almendarez–Torres. See Apprendi*, 530 U.S. at 489–90; *United States v. Dabeit*, 231 F.3d 979, 984 (5th Cir.2000). Thus, we must follow *Almendarez–Torres* "unless and until the Supreme Court itself determines to overrule it." *Dabeit*, 231 F.3d at 984 (internal quotation marks and citation omitted).

R. 47.5.4.

Accordingly, Trejo–Segura's arguments are foreclosed, and his conviction and sentence are AFFIRMED.

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.